**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**TYRONE LEVERETT**,

            Plaintiff,

            v.

**WILLIAMS-SONOMA DIRECT, INC.,** *et al.*,

            Defendants.

Civil Action No. 23-2405 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss (the "Motion", ECF No. 4) filed by Defendant Williams-Sonoma Direct, Inc. ("Defendant"). Defendant filed a brief in support of its Motion to Dismiss. ("Moving Br.", ECF No. 4-1.) Plaintiff Tyrone Leverett ("Plaintiff") filed an Opposition brief. ("Opp'n Br.", ECF No. 10.) Defendant filed a Reply. ("Reply Br.", ECF No. 11.)

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss will be DENIED.

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff alleges that on October 25, 2022, two of Defendant's employees, Rodolfo Ortiz and Jose Diaz, attacked Plaintiff at the end of his shift. (Compl. ¶¶ 4, 8.) Specifically, Plaintiff alleges that "Mr. Ortiz grabbed the Plaintiff by the neck and tried to strangle him while Mr. Diaz

1

repeatedly punched him in the thigh" in violation of a New Jersey criminal statute.  (*Id.* ¶¶ 7, 23.) Plaintiff reported the attack to management and human resources where he provided a statement of the incident because he "reasonably believed that it was unlawful or against public policy to be attacked by coworkers at work."  (*Id.* ¶¶ 11, 12, 14.)  Plaintiff asked Defendant to call the police, but it declined, so Plaintiff called them himself.  (*Id.* ¶¶ 15, 16.)

On November 2, 2022, eight days after the attack, Plaintiff received a call from Defendant terminating Plaintiff "based on circumstances from October 25, 2022."  (*Id.* ¶ 19.)  Based on Plaintiff's knowledge, he alleges that Mr. Ortiz was fired but that Mr. Diaz remained employed by Defendant.  (*Id.* ¶ 20.)  Plaintiff had been an employee of Defendant since November 2010.  (*Id.* ¶ 4.)  Plaintiff alleges that a "determinative and/or motivating factor in Plaintiff's termination was the fact that Plaintiff reported the unlawful practices."  (*Id.* ¶ 25.)

On March 20, 2023, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County that alleges a violation of New Jersey's Conscientious Employee Protection Act (CEPA), N.J.S.A. § 34:19-1, *et seq*.  (Compl. ¶¶28–38.)  On May 1, 2023, Defendant removed the case to this Court based on diversity jurisdiction.  (ECF No. 1.)

II.     **JURISDICTION**

Given the diversity of the parties and the amount in controversy, the Court finds that it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

III.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.   DISCUSSION**

As set forth above, Plaintiff alleges that his termination constitutes a violation of CEPA because a "determinative and/or motivating factor in Plaintiff's termination was the fact that Plaintiff reported" the attack by his co-workers at work. (Compl. ¶ 25.) In its Motion, Defendant argues that the Complaint should be dismissed for failing to state a CEPA claim for two reasons: (1) the "Complaint does not contain any allegations triggering CEPA's protections" and (2) the

"Complaint does not contain any allegations suggesting a causal connection between his complaints and his termination." (Moving Br. at 1.)

CEPA's purpose is to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." *Dzwonar v. McDevitt,* 177 N.J. 451, 461 (N.J. 2003) (citing *Abbamott v. Piscataway Township Bd. of Educ.,* 138 N.J. 405, 431 (N.J. 1994)). The New Jersey Supreme Court has clarified that "CEPA prohibits an employer from taking retaliatory action against an employee who has a reasonable basis for objecting to a co-employee's activity, policy, or practice covered by *N.J.S.A.* 34:19–3." *Higgins v. Pascack Valley Hospital*, 158 N.J. 404, 424 (N.J. 1999).

Here, the Complaint generally alleges that Defendant violated CEPA when it terminated Plaintiff, but Plaintiff alleges misconduct by his co-workers rather than his employer. (*See generally* Compl.) Although the Complaint does not specify the CEPA subsection under which Plaintiff is asserting his claim, based on the nature of his allegations the Court construes it as one brought under N.J. Stat. Ann. § 34:19-3(c).[1] *See, e.g.*, *Smith v. TA Operating LLC*, Civ. No. 10-2563, 2010 WL 3269980, at *4 (D.N.J. Aug. 17, 2010). N.J. Stat. Ann. § 34:19-3(c) provides that an employer shall not retaliate against an employee because the employee "[o]bjects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes: (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . .; (2) is fraudulent or criminal . . .; or (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment." N.J. Stat. Ann. § 34:19-3(c).

Accordingly, to state a CEPA claim under this subsection, a plaintiff must plausibly allege four elements: (1) that he objected to or refused to participate in an activity, policy, or practice

---

[1] Plaintiff also indicates as such in his opposition to the Motion to Dismiss. (*See* Opp'n Br. at 8–9.)

which he reasonably believed violated either a law, rule, regulation, was fraudulent or criminal or violated a public policy; (2) that he performed a "whistle blowing" activity as described in N.J.S.A. § 34:19–3c; (3) that an adverse employment action was taken against him by his employer; and (4) there was a causal connection between his whistle-blowing activity and the adverse employment action of the employer. *Smith*, 2010 WL 3269980, at *3 (citing *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (N.J. 2003)).

Defendant argues that the Complaint fails to establish a prima facie case under CEPA because it does not plausibly allege that Plaintiff "disclosed or threatened to disclose an activity, policy, or practice of [*Defendant*] that he reasonably believed was in violation of a law, regulation or public policy." (Moving Br. at 1) (emphasis added.) Defendant categorizes Plaintiff's report to Defendant and the police as a "complaint about a private harm for which CEPA provides no recourse." (Reply Br. at 2.)

Contrary to Defendant's arguments, however, Plaintiff need not allege that Defendant itself engaged in the conduct violating law or public policy. The New Jersey Supreme Court has held that under N.J. Stat. Ann. § 34:19-3(c) the alleged misconduct of a co-worker may give rise to a CEPA claim. *Higgins*, 158 N.J. at 424. In fact, courts in this district have recognized cognizable claims for violations of CEPA where the Plaintiff reported an assault. *See Suwanphap v. Pad Thai, Inc.*, Civ. No. 10-1762, 2010 WL 2426039, at *3 (D.N.J. June 10, 2010) (finding that plaintiff alleged "more than a private grievance" when he alleged that he reported a workplace incident he believed violated the law, testified about the incident, and was denied additional work hours because of his report and testimony); *Nieves-Hall v. City of Newark*, Civ. No. 19-9755, 2019 WL 4688627, at *12–13 (D.N.J. Sept. 26, 2019) (finding that plaintiff sufficiently pled a CEPA claim when she "alleged that she reasonably believed that [the defendant's] behavior violated various

laws, including that he had committed violations of assault, disorderly conduct, and harassment). Additionally, in *Smith v. TA Operating LLC*, the plaintiff initially filed a complaint alleging that she was assaulted by her co-workers, that she reported the assault, and that Defendant retaliated against her because of the assault. Civ. No. 10-2563, 2010 WL 3269980, at *6 (D.N.J. Aug. 17, 2010). Notably, the plaintiff in *Smith* did not allege the assault as the basis for her CEPA claim, but the court encouraged her to amend the complaint to add the claim. *Id.* The plaintiff then subsequently added the assault as a basis for her CEPA claim, which later survived a motion for summary judgment, suggesting that an assault based CEPA claim may be a cognizable claim. 2012 WL 3527696 (D.N.J. Aug. 13, 2012).

Here, the Complaint sufficiently alleges that Plaintiff reported conduct which violated the law. (Compl. ¶¶ 11, 14.) Plaintiff alleges that his co-workers grabbed him, tried to strangle him, and repeatedly punched him. (*Id.* ¶ 7.) Plaintiff specifically alleges that the attack constitutes simple assault in violation of N.J. Stat. Ann. § 2C:12-1a(1) and because he "was reasonable in his belief that [the assault] was in violation of the law, his report of this conduct constitutes CEPA protected activity." (Opp'n Br. at 5; Compl. ¶ 23.) The Court agrees with Plaintiff's position and finds that Plaintiff sufficiently alleges that he reasonably believed that his co-workers violated a law.

The Court notes that Defendant cites to *Mehlman v. Mobil Oil Corp.* for the proposition that the "complained-of activity must pose a threat of public harm, not merely private harm or harm only to the aggrieved employee." 153 N.J. 163, 188 (N.J. 1998). But as the New Jersey Supreme Court later cautioned, such a "reliance on *Mehlman* is misplaced" because "*Mehlman* pertained solely to a complaint brought under [§ 34:19–3c(3) and the holding in *Mehlman*] does

6

not import the requirements of that section to other parts of CEPA."[2] *Est. of Roach v. TRW, Inc.*, 164 N.J. 598, 609 (N.J. 2000). Therefore, the Court is not persuaded by Defendant's argument that Plaintiff does not sufficiently allege the first element of a CEPA claim because his "complaints concerned a purely private dispute." (Moving Br. at 5.) Accordingly, the Court finds that Plaintiff's Complaint sufficiently pleads that he objected to misconduct that he reasonably believed violated a law.

Next, Defendant's argue that even if "Plaintiff's Complaint concerned an activity embraced by CEPA, Plaintiff's claim also fails for failure to plead causation." (Moving Br. at 6.) "To demonstrate causation, a plaintiff must show that the 'retaliatory discrimination was more likely than not a determinative factor in the decision.'" *Robles v. U.S. Env't Universal Servs., Inc.*, 469 F. App'x 104, 108 (3d Cir. 2012) (quoting *Donofry v. Autotote Sys., Inc.*, 350 N.J. Super. 276, 293 (N.J. Super. Ct. App. Div. 2001)). "Retaliation may be reasonably inferred from the circumstances surrounding the employment action . . . including temporal proximity between the protected activity and the adverse action[.]" *Id.* Temporal proximity alone will be insufficient to establish the necessary causal connection unless the temporal relationship here is "unusually suggestive." *Compare Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989) (finding that plaintiff established a causal link by showing that the adverse employment action occurred only two days after the protected activity), *with Krouse v. Am. Sterilizer Co.*, 126 F. 3d 494, 503–04 (3d Cir. 1997) (finding that a nineteenth-month period, standing alone, was too attenuated to support a finding of a causal link between plaintiff's protected activity and the adverse employment action).

---

[2] Defendant also relies on *Mayorga v. Sonoco Products Co.* as "an opinion 'on all fours' with Plaintiff's allegations here." Civ. No. 12-cv-05067, 2013 WL 1792554, at *2 (D.N.J. Apr. 26, 2013); Reply Br. at 2. In *Mayorga*, the plaintiff similarly alleged that his termination was done in retaliation for complaining he was assaulted by a co-worker "in violation of criminal law." Citing to *Mehlman*, the *Mayorga* court concluded that the plaintiff "only allege[d] personal concerns about a private harm—an insufficient reason upon which to base a CEPA claim." This Court does not find the reasoning in *Mayorga* persuasive given the New Jersey Supreme Court's later clarification that *Mehlman* was not to be relied upon in this way. *Roach*, 164 N.J. at 609; *see also Suwanphap*, 2010 WL 2426039, at *3.

Here, Plaintiff alleges that despite his "lengthy career with Defendant", he was terminated only eight days after he reported the attack. (Compl. ¶ 19, 22.) Despite alleging that the termination took place just over a week after reporting the attack, the Court need not infer a causal connection here just based on temporal proximity alone. In addition to the temporal proximity, the complaint alleges that Defendant was aware of Plaintiff's protected activity insofar as he reported the attack to "a manager" and "a woman from HR" immediately after the assault. (Compl. ¶ 11.) Further, Plaintiff alleges that reporting the unlawful practices was a "determinative and/or motivating factor in Plaintiff's termination." (Compl. ¶ 25.) Accordingly, the Court finds that Plaintiff sufficiently alleges the requisite causal link.

## V.   CONCLUSION

For the reasons stated above, the Court will DENY Defendant's Motion to Dismiss. An appropriate Order will follow.


Date: December 30, 2023

                                                          s/ Zahid N. Quraishi
                                                          **ZAHID N. QURAISHI**
                                                          **UNITED STATES DISTRICT JUDGE**